UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAJUAN MARNEZ WILLIAMS,

    Petitioner,

v.

SHERMAN CAMPBELL,

    Respondent,

_____/

Case No. 2:15-CV-12914
HON. NANCY G. EDMUNDS
UNITED STATES DISTRICT COURT

## OPINION AND ORDER DENYING THE MOTIONS FOR AN EVIDENTIARY HEARING, FOR DISCOVERY, AND FOR THE APPOINTMENT OF COUNSEL, AND GRANTING THE MOTION TO EXPAND THE RECORD

Before the Court is habeas petitioner Tajuan Marnez Williams' motions for an evidentiary hearing, for discovery, for the appointment of counsel, and to expand the record. For the reasons stated below, the motions for an evidentiary hearing, for discovery, and for the appointment of counsel are denied without prejudice. The Court grants the motion to expand the record.

**A. The motion for an evidentiary hearing.**

If a habeas petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require. 28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999)(Gadola, J.).

When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claim or claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.* If the record refutes the habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id.* Stated differently, a habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F. 3d 442, 459-60 (6th Cir. 2001). Under the provisions of the AEDPA, evidentiary hearings are not mandatory in habeas cases. *See Vroman v. Brigano*, 346 F. 3d 598, 606 (6th Cir.2003). An evidentiary hearing may be held only when the habeas petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir.2002). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F. 2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998).

The motion for an evidentiary hearing will be denied without prejudice because the Court has not yet received an answer or the state court record from respondent. Without these materials, the Court is unable to determine whether an evidentiary hearing on petitioner's claims is needed. Following receipt of these materials, the Court will then determine whether an evidentiary hearing is necessary to resolve petitioner's claims.

2

**B. The motion for discovery.**

"A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, a habeas petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. To establish "good cause" for discovery, a habeas petitioner must establish that the requested discovery will develop facts which will enable him or her to demonstrate that he or she is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09. The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker,* 266 F. 3d at 460. A further limitation on discovery is the recent case of *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398–1401 (2011), in which the Supreme Court held that under the clear language of the 28 U.S.C. § 2254(d), a district court is precluded from considering new evidence when reviewing a petition under § 2254(d) where the petitioner's claims were adjudicated on the merits in state court proceedings.

Respondent has not yet filed an answer to the petition for writ of habeas corpus. Until a respondent files an answer to the habeas petition, "it is impossible to evaluate what, if any, discovery is needed and whether the discovery is relevant and appropriately narrow." *Gengler v. United States ex rel. Dept. of Defense & Navy*, 463 F. Supp. 2d 1085, 1114-15 (E.D. Cal. 2006); *See also Shaw v. White,* No. 2007 WL 2752372, * 3 (E.D. Mich. September 21, 2007). In addition, none of the Rule 5 materials have been received by the Court; "and receipt of those materials may obviate the need to order discovery." *Shaw,* No. 2007 WL 2752372, at * 3. Granting petitioner's discovery request at this time would be

premature. Therefore, the motion for discovery will be denied without prejudice. *Id.*

### C. The motion for the appointment of counsel.

The Court will deny the motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the present case, petitioner has filed a 120 page petition for writ of habeas corpus, in which he raises eighteen claims for relief. Petitioner has also attached to his petition

numerous exhibits in support of his claims. Petitioner has also filed several motions. Petitioner therefore has the means and ability to present his claims to the court. Furthermore, until this Court reviews the pleadings filed by petitioner and respondent and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). The motion for the appointment of counsel is denied without prejudice.

### D. The motion to expand the record.

Rule 7 (a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, indicates that if a habeas petition is not summarily dismissed, the district court judge "may direct the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition." A federal district court judge may employ a variety of measures to avoid the necessity of an evidentiary hearing in a habeas case, including the direction to expand the record to include evidentiary materials that may resolve the factual dispute without the need for an evidentiary hearing. *Blackledge v. Allison,* 431 U.S. 63, 81-82 (1977).

Petitioner requests the Court to expand the record to include materials which he has attached to his petition for writ of habeas corpus and to his motions which he contends may offer support for his claims. Because these materials may help resolve any factual disputes in this case, the Court will permit the court record to be expanded to include these materials.

**IT IS HEREBY ORDERED** that the motions for an evidentiary hearing, for discovery,

and for the appointment of counsel [Dkt. # 3] are **DENIED WITHOUT PREJUDICE**.  The Court will reconsider petitioner's motions if, following receipt of the responsive pleading and Rule 5 materials, the Court determines that an evidentiary hearing, additional discovery and/or the appointment of counsel are necessary.

   **IT IS FURTHER ORDERED** that the motion to expand the record [Dkt. # 3] is **GRANTED.**

               s/ Nancy G. Edmunds
               **HON. NANCY G. EDMUNDS**
               **UNITED STATES DISTRICT JUDGE**

**DATED:** August 27, 2015