**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TAJUAN MARNEZ WILLIAMS,

      Petitioner,

v.

SHERMAN CAMPBELL,

      Respondent,

_____/

Case No. 2:15-CV-12914
HON. NANCY G. EDMUNDS
UNITED STATES DISTRICT COURT

## OPINION AND ORDER DENYING THE MOTION TO DISQUALIFY

Before the Court is habeas petitioner Tajuan Marnez Williams' motion to disqualify this Court from adjudicating his habeas petition. For the reasons stated below, the motion is DENIED.

### I. Background

Petitioner was convicted in 2010 in the Genesee County Circuit Court of first-degree premeditated murder, felon in possession of a firearm, and felony-firearm. Following the exhaustion of his state court remedies, petitioner filed his application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he seeks relief from his convictions. Respondent has yet to file an answer to the petition.

Petitioner filed a motion for this Court to disqualify itself, on the ground that this Court previously summarily dismissed petitioner's civil rights complaint which raised claims arising out of his criminal prosecution for the offenses he now challenges in his current petition.

In 2009, after petitioner had been charged but not yet convicted of these crimes,


petitioner filed a civil rights complaint pursuant to 42 U.S.C. § 1983, which was assigned to this Court. Plaintiff sued the Flint Township Police Department and three of its employees, an inmate who served as a confidential informant for the police, the Michigan Department of Corrections (M.D.O.C.) and six of its employees, the State of Michigan and two of its elected officials, the Michigan State Police Headquarters, its Technical Service Unit, Jim McDonald, an employee in the Unit, and two prosecuting attorneys. Petitioner alleged that state correctional employees cooperated with the police and prosecutors and transferred him from one prison to another prison where petitioner's conversation with an inmate turned informant was secretly recorded.

This Court summarily dismissed petitioner's civil rights complaint pursuant to 28 U.S.C. § 1915A(b) and Federal Rule of Civil Procedure 12(b)(1). This Court ruled that based on *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), petitioner's claims were not cognizable under § 1983 because they challenged criminal charges that had yet to be vacated, set aside or called into question by the issuance of a writ of habeas corpus. *Williams v. Flint Twp. Police Dep't*, No. 08-15334, 2009 WL 117837, at *2 (E.D. Mich. Jan. 16, 2009). The Court further concluded that it could not grant petitioner's request for an investigation under 18 U.S.C.§§ 241 and 242 because a private citizen has no authority to initiate a federal criminal prosecution. *Id.* The Court further dismissed the claims against some of the defendants because the allegations failed to show the personal involvement of these individuals in the alleged constitutional violations and they could not be held liable under a theory of *respondeat superior. Id.,* * 3. The Court further held that the State of Michigan, the Michigan Department of Corrections, and the Michigan State Police were immune from suit under the Eleventh Amendment to the United States Constitution. *Id.*

The United States Court of Appeals for the Sixth Circuit affirmed this Court's decision, albeit on different grounds. *Williams v. Flint Police Department, et. Al.,* No. 09-1204 (6th Cir. April 15, 2011). The Sixth Circuit ruled that this Court erred in dismissing petitioner's claims under *Heck* because petitioner's charges were pending when he filed his lawsuit and he had yet to be convicted. *Id.* at * 3. The Sixth Circuit, however, held that to the extent that petitioner's claims were based on state law or M.D.O.C. policies, § 1983 does not provide relief for such claims. The Sixth Circuit further ruled that petitioner's transfer from one prison to another did not violate his constitutional rights. The Sixth Circuit finally concluded that regarding the recording by the prisoner informant, the federal constitution did not prohibit the recording of conversations of persons in a prison, jail or police station. *Id.* The Sixth Circuit further upheld this Court's dismissal of petitioner's request to invoke 18 U.S.C.§§ 241 and 242 because there is no private right of action under these statutes. The Sixth Circuit further upheld this Court's dismissal of several of the defendants because they could not be sued in their supervisory capacity or because they were immune from suit. Finally, the Sixth Circuit upheld the dismissal of the Flint Township Police Department because petitioner failed to allege that his injuries were caused by an official policy or custom of the department. *Id.* at * 4.

## II. Discussion

Petitioner asks this Court to disqualify itself from adjudicating his habeas petition. Petitioner argues that this Court is biased and cannot be fair because it previously dismissed his civil rights complaint involving the same parties and arising out of the same criminal charges.

28 U.S.C. § 455 (a) provides that "[a]ny justice, judge, or magistrate of the United

States shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." Under 28 U.S.C. § 455(a), a judge must recuse himself or herself "'if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir.1990) (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir.1990)). The Supreme Court has held that under § 455(a), opinions formed by judges on the basis of facts introduced or events occurring "in the course of current proceedings, or of prior proceedings, do not constitute bias or partiality" unless they display "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). To state a claim that a judge is biased, a defendant must show either actual bias or the appearance of bias creating a conclusive presumption of actual bias. *United States v. Lowe*, 106 F. 3d 1498, 1504 (6th Cir. 1997). Adverse rulings are not themselves sufficient to establish bias or prejudice which will disqualify a judge. *See Hence v. Smith,* 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999). A habeas petitioner's "unsupported accusations"and "unfounded surmise" of bias on the part of a federal judge presiding over his or her habeas petition are insufficient to establish grounds for disqualification of that judge from presiding over the case. *See Bates v. Grant,* 98 Fed. Appx. 11, 15 (1st Cir. 2004).

The only evidence of judicial bias that petitioner points to is the fact that this Court previously dismissed petitioner's civil rights complaint. The mere fact that this Court ruled adversely against petitioner in his civil rights case does not establish judicial bias, particularly where the legal standards for granting relief in a civil rights case are different than the ones used to determine whether to grant relief in a habeas action. The Sixth

Circuit has repeatedly held that a habeas or post-conviction judge's involvement in a habeas petitioner or post-conviction movant's prior criminal or civil case does not show bias or require the judge to disqualify himself or herself. *See United States v. Campbell,* 59 Fed. Appx. 50, 52 (6th Cir. 2003)(trial judge not required to recuse himself from hearing movant's § 2255 motion to vacate sentence, where movant's dissatisfaction with judge's rulings in his criminal case and during post-conviction proceedings did not establish bias that would warrant recusal); *Kemp v. United States,* 52 Fed. Appx. 731, 733-34 (6th Cir. 2002)(same); *Browning v. Foltz,* 837 F. 2d 276, 279-80 (6th Cir. 1988)(judge not required to recuse himself from hearing petitioner's second habeas petition merely because he indicated in order denying petitioner's first petition for habeas corpus that petitioner's release due to technicalities would be illogical and unjust); *Demjanjuk v. Petrovsky*, 776 F.2d 571, 577 (6th Cir. 1985); *vacated on other grds*, 10 F.3d 338 (6th Cir. 1993)(district judge, who presided over denaturalization proceedings involving detainee was not required to recuse himself under 28 U.S.C.A. § 455(a) from hearing petition for writ of habeas corpus under 28 U.S.C.A. § 2241 following certification of detainee as extraditable to Israel under 18 U.S.C.A. § 3184, in that there was no evidence of actual bias on the part of district judge).

This Court denies petitioner's motion to disqualify itself from presiding over petitioner's habeas application. The Court has not formed an opinion as to the validity of petitioner's claims or whether or not he would be entitled to habeas relief. Under the circumstances, a reasonably objective person would not question this Court's objectivity.

### III.  ORDER

Based on the foregoing, the motion to disqualify [Dkt. # 10] is DENIED.

                                              s/ Nancy G. Edmunds  
                                              **HON. NANCY G. EDMUNDS**  
                                              UNITED STATES DISTRICT COURT

Dated: February 1, 2016